UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                      Criminal Case No. 21-20339

Alanzo Roberson,                   Judge Sean F. Cox
                                             United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER DENYING
## DEFENDANT ROBERSON'S MOTION TO REVOKE ORDER OF DETENTION

Defendant Alanzo Roberson ("Defendant") is charged with drug and firearms offenses. Pretrial Services recommended detention and, after holding a detention hearing, the magistrate judge ordered Defendant detained pending trial. Defendant is now appealing that ruling and seeks release on bond. This Court held a hearing on August 4, 2021. For the reasons set forth below, the Court DENIES the motion.

### BACKGROUND

This criminal action was initiated via a criminal complaint that was filed on April 23, 2021. Thereafter, an Indictment was filed charging Defendant with: 1) 21 U.S.C. § 841(a)(1) - Possession With Intent to Distribute a Controlled Substance 18 U.S.C. § 2 - Aiding and Abetting (Count One); and 2) 18 U.S.C. § 924(c) - Possession of a Firearm in Furtherance of Drug Trafficking Crime 18 U.S.C. § 2 – Aiding and Abetting (Count Two).

Pretrial Services recommended that Defendant be detained pending trial, concluding that Defendant is both a flight risk and a danger to the community.

After holding a detention hearing, Magistrate Judge Anthony Patti issued an Order of

Detention Pending Trial (ECF No. 19), finding that there are no conditions or combination of conditions that would ensure the safety of the community or Defendant's appearance.  He noted that the reasons for detention include: 1) the weight of evidence against the defendant is strong; 2) Defendant is subject to a lengthy period of incarceration if convicted;  3) Defendant's prior criminal history; 4) his prior failure to appear in court as ordered; and 5) his prior violations of probation, parole, or supervised release.  His order further stated: "For all of the reasons stated on the record at the April 26, 2021 detention hearing, including but not limited to lack of a suitable third party custodian and Defendant's pattern of similar criminal activity." (*Id*. at 3).

On June 9, 2021, Defendant filed a motion appealing the magistrate judge's ruling and seeking release on bond.  (ECF No. 36).  Defendant asks to be released on bond with a tether with GPS monitoring, residing with his fiancee, Ms. Green, in Brownstown Michigan, with a curfew that would allow him to work and provide care for Ms. Green and their children.  Counsel stresses that Defendant was temporarily released on two occasions and that he turned himself in as directed.

Defendant's motion and brief do not appear to reference it, but Defendant filed a letter as an exhibit.  The letter purports to be from a medical doctor from the Detroit Medical Center but it does not appear to be a legitimate letter, based on the appearance of the "letterhead," the lack of a date or signature, the way the phone number appears, and based upon the wording of the letter.

The Government opposes Defendant's motion, persuasively arguing that Defendant is a danger to the community.  The Government's brief discusses the evidence of the events surrounding charges in this case, as well as Defendant's criminal history.  The Government's brief includes images of Defendant posing with weapons on social media.

It further explains the investigation it performed as to the alleged letter from Ms. Greene's doctor, which leads the government to believe that the letter is an obvious fake. The Government argues that Ms. Greene is not a suitable third party custodian because, among other things, she "gave defense counsel a fake letter from a made-up doctor." (Govt.'s Br. at 13).

## ANALYSIS

Under 18 U.S.C. § 3145(b), a defendant who has been ordered detained by a magistrate judge may move to revoke the detention order. The Court reviews a defendant's appeal of an order of detention *de novo*. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985).

Pursuant to the Bail Reform Act, 18 U.S.C. § 3142, a defendant may be detained pending trial only if a judge "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

It is the Government's burden to prove by clear and convincing evidence that "no conditions of release can assure that the defendant will appear and to assure the safety of the community." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); 18 U.S.C. §§ 3142(e), 3142(f)(2)(B). To determine whether no conditions exist that will reasonably assure Defendant's appearance and the safety of the community, the Court considers the following factors from § 3142(g): 1) the nature and circumstances of the offenses charged; 2) the weight of the evidence against Defendant; 3) his history and characteristics; and 4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

**A.     Nature And Circumstances Of The Charge**

The drug and firearms offenses charged in this case (21 U.S.C. § 841(a)(1) - Possession With Intent to Distribute a Controlled Substance 18 U.S.C. § 2 - Aiding and Abetting (Count

One) and 18 U.S.C. § 924(c) - Possession of a Firearm in Furtherance of Drug Trafficking Crime 18 U.S.C. § 2 – Aiding and Abetting (Count Two)) are serious offenses. Defendant is alleged to have been in possession of at least three firearms and more than 60 grams of fentanyl.

**B.      Defendant's History And Characteristics**

Defendant's history and characteristics demonstrate that he is a continuing danger to the community. Defendant is only twenty-four years old yet he has a lengthy criminal history. Defendant has a history of engaging in criminal activity while under supervision and failing to appear for court dates. At the time of this arrest, Defendant had seven outstanding warrants for failure to appear.

**C.      Weight Of The Evidence Against Defendant**

The weigh of the evidence of Defendant's dangerousness is substantial. *Stone,* 608 F.3d at 948 ("This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt.") Defendant's criminal history includes weapons offenses and his criminal conduct shows no signs of abating.

**D.      Nature And Seriousness Of Danger Posed By Defendant's Release**

Finally, Defendant's release would pose a serious danger to the community. The nature of the instant offenses, Defendant's prior arrests and convictions, and engaging in criminal activity while under supervision, weigh in favor of pretrial detention. Defendant has also shown little regard for the authority of the Court or for law enforcement, giving the Court little reason to believe that his dangerous behavior would suddenly cease if released on bond.

### CONCLUSION

Weighing all of these factors, this Court concludes that the Government has established by clear and convincing evidence that there is no condition or combination of conditions that

will reasonably assure Defendant's appearance and assure the safety of the community.

Accordingly, IT IS ORDERED that Defendant's Motion for Revocation of Detention Order is DENIED.

    IT IS SO ORDERED.

                                                s/Sean F. Cox  
                                                Sean F. Cox  
                                                United States District Judge

Dated: August 11, 2021