UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                      Criminal Case No. 21-20339

Alanzo Roberson,                      Judge Sean F. Cox
                                                              United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER DENYING
DEFENDANT ROBERSON'S "RENEWED MOTION
FOR BOND PENDING SENTENCING"**

This matter is before the Court on the motion of Defendant Alanzo Roberson ("Defendant") for bond pending sentencing. The Court finds that the facts and legal arguments are adequately presented in the motion. Therefore, Defendant's motion will be decided without a hearing. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

This criminal action was initiated via a criminal complaint filed on April 23, 2021. Thereafter, an Indictment was filed charging Defendant with: 1) 21 U.S.C. § 841(a)(1) - Possession With Intent to Distribute a Controlled Substance 18 U.S.C. § 2 - Aiding and Abetting (Count One); and 2) 18 U.S.C. § 924(c) - Possession of a Firearm in Furtherance of Drug Trafficking Crime 18 U.S.C. § 2 – Aiding and Abetting (Count Two).

Pretrial Services recommended that Defendant be detained pending trial, concluding that Defendant is both a flight risk and a danger to the community.

After holding a detention hearing, Magistrate Judge Anthony Patti issued an Order of

Detention Pending Trial (ECF No. 19), finding that there are no conditions or combination of conditions that would ensure the safety of the community or Defendant's appearance.  He noted that the reasons for detention include: 1) the weight of evidence against the defendant is strong; 2) Defendant is subject to a lengthy period of incarceration if convicted;  3) Defendant's prior criminal history; 4) his prior failure to appear in court as ordered; and 5) his prior violations of probation, parole, or supervised release.  His order further stated: "For all of the reasons stated on the record at the April 26, 2021 detention hearing, including but not limited to lack of a suitable third party custodian and Defendant's pattern of similar criminal activity." (*Id*. at 3).

On April 27, 2021, Defendant was granted a temporary release from custody, so that he could attend his grandmother's funeral.  (ECF No. 20).  That temporary release was later extended, so that Defendant could attend the birth of his child on May 12, 2021. (ECF Nos. 25 & 26).  Sadly, Defendant advised the Court that the child did not survive child birth due to complications.  (*See* ECF No. 36 at 5).  Defendant was returned to custody.

On June 9, 2021, Defendant filed a motion appealing the magistrate judge's detention ruling and seeking release on bond pending trial.  (ECF No. 36).  This Court denied that motion in an Opinion and Order issued on August 11, 2022, concluding that the Government established by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure Defendant's appearance and assure the safety of the community.  (ECF No. 48).[1]

---

[1]Defendant submitted a letter in support of his motion.  (ECF No. 37).  This Court's Opinion and Order explained that "[t]he letter purports to be from a medical doctor from the Detroit Medical Center but it does not appear to be a legitimate letter, based on the appearance of the 'letterhead,' the lack of a date or signature, the way the phone number appears, and based upon the wording of the letter." (ECF No. 48 at 2).  Moreover, the Government's brief

On December 15, 2021, Defendant pleaded guilty to Counts I and II of the Indictment. The Rule 11 Plea Agreement reflects that Defendant faces a term of imprisonment of not less than 5 years, and up to 40 years, as to Count I. As to Count II, Defendant faces a term of imprisonment of not less than 5 years, and up to life imprisonment. (ECF No. 59).

Defendant is scheduled to be sentenced by this Court on April 13, 2022.

On January 5, 2022, Defendant filed a "Renewed Motion For Bond Pending Sentencing." (ECF No. 63). In this motion, Defendant seeks to be released on bond and allowed to reside with his fiancee and their children. (*Id*. at 2) ("Mr. Roberson is seeking some time on bond with Ms. Greene and his twins so that all can give comfort to each other."). The motion states that Defendant's counsel sought concurrence to the motion from the government's counsel and that "the government's position is that it is leaving the ruling on this Motion to the discretion of the Court." (*Id*. at 2).

## ANALYSIS

The Indictment in this criminal action charged Defendant with: 1) 21 U.S.C. § 841(a)(1) - Possession With Intent to Distribute a Controlled Substance 18 U.S.C. § 2 - Aiding and Abetting (Count One); and 2) 18 U.S.C. § 924(c) - Possession of a Firearm in Furtherance of Drug Trafficking Crime 18 U.S.C. § 2 – Aiding and Abetting (Count Two). On December 15, 2021, Defendant pleaded guilty to both counts. Thus, Defendant has been convicted of these offenses and is awaiting sentencing.

Release pending sentencing is governed by 18 U.S.C. § 3143. Because Defendant

---

"explain[ed] the investigation it performed as to the alleged letter from Ms. Greene's doctor, which [led] the government to believe that the letter is an obvious fake." (*Id*. at 3).

pleaded guilty to, and is awaiting sentencing for, offenses described in 18 U.S.C. § 3142(f)(A)-(C), Section 3143(a)(2) applies. Under 18 U.S.C. § 3143(a)(2), the Court must order the defendant detained unless: 1) the Court "finds there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "an attorney for the Government has recommend that no sentence of imprisonment be imposed on the person;" and 2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

None of those conditions are satisfied here. Because Defendant pleaded guilty to Counts I and II, there is no possibility – let alone a "substantial likelihood" – that a motion for acquittal or new trial will be granted by this Court. And, as Defendant's Plea Agreement reflects, Defendant faces a mandatory minimum of five years imprisonment on each of the two counts. Thus, the Government could not, and has not, recommended that "no sentence of imprisonment" be imposed. In addition, this Court continues to conclude that Defendant is both a flight risk and poses a danger to the community.

Although Defendant's motion makes no reference to it, once detained in accordance with § 3143(a)(2), an exception contained in § 3145(c) allows release pending sentencing or appeal "under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional* reasons why such person's detention would not be appropriate" and the defendant poses no risk of flight. 18 U.S.C. §3145(c) (emphasis added).

This Court concludes that Defendant does not meet the criteria for release under § 3145(c). As noted above, this Court continues to conclude that Defendant is a flight risk. Indeed, because he has now been convicted of Counts I and II and faces significant prison time,

4

Defendant has a much higher incentive to flee than when he was first arrested.

This Court also does not find the existence of "exceptional reasons" for Defendant's release in any event. "Exceptional reasons" permitting the release of a defendant subject to detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991); *see also United States v. Sandles*, 67 F. A'ppx 353, 354 (6th Cir. 2003). While this Court is sympathetic to Defendant's desire to spend time with his family, especially after having lost a child during child birth in May of 2021, this Court concludes that such factors do not amount to exceptional circumstances under § 3145(c). *See, e.g,. United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002) (affirming district court's finding that cooperation with the government, economic hardship, and hardship to family did not combine to make exceptional circumstances); *United States v. Reynolds*, No. 12-20843, 2013 WL 4744750, at *13 (E.D. Mich. Sept. 4, 2013) (wherein this Court concluded that even though the defendant's mother suffered from lupus requiring defendant's care, the defendant's adult daughter suffered from mental illness requiring that defendant make arrangements for her care, and that the defendant was the sole owner of a small business, these factors were insufficient to establish exceptional circumstances warranting release pending sentencing), *aff'd,* 626 F. App'x 610 (6th Cir. 2015). While unfortunate, hardships in being unable to spend time with family members because of a defendant being incarcerated are not unique or exceptional. As thoughtfully articulated by the district court in *Cameron:*

> [A] trial judge never sentences just the defendant. Invariably, the imposition of a sentence profoundly affects an entire family and often an entire community. The loss by incarceration of a breadwinner, a spouse, a parent, a child, an employee, a friend and the rippling of this loss into other relatives and into the community are

among the most regrettable consequences of crime ... Yet, each person who commits a serious crime accepts the risk of conviction and incarceration and the trouble he will visit upon himself, and his family, friends, and community, and if family concerns trumped mandatory detention, exceptions would become the rule.

*United States v. Cameron*, 756 F.Supp.2d 148, 153-54 (D. Me. 2010).

## CONCLUSION & ORDER

Accordingly, for all of these reasons, the Court ORDERS that Defendant's motion is DENIED.

IT IS SO ORDERED.

                                                s/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: January 14, 2022